IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**                                                      **PLAINTIFF**

V.                                               CIVIL ACTION NO. 3:20-cv-270-NBB-RP

**USF HOLLAND, LLC**                                                                 **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court upon the defendant USF Holland's partial motion to dismiss plaintiff's complaint. Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

The complaint filed by the Equal Employment Opportunity Commission ("EEOC") alleges that defendant USF Holland, LLC, ("Holland") discriminated against an employment applicant, Marilyn Hervery, and other unidentified women by purportedly "fail[ing] to hire Hervery and a class of other females, because of their sex, female, for truck driving positions at its Olive Branch, Mississippi terminal from its opening around 1986 to the present." [Doc. 1].

Hervery alleges she applied for a truck driving position with Holland in May 2015, but Holland did not extend an offer of employment to her, instead hiring three male applicants for truck driving positions. On October 8, 2015, Hervery filed a charge of discrimination asserting Holland discriminated against her based on her sex in violation of Title VII by not hiring her for a position for which she was qualified.

The EEOC brings this action under Section 706 of Title VII to pursue relief for Hervery and a class of other women, alleging that Holland has engaged in unlawful employment practices

by failing to hire Hervery and other women as truck drivers since the opening of its Olive Branch location in 1986 until the present.

To pursue a Title VII claim, a plaintiff must first file a timely charge with the EEOC regarding the claim and exhaust administrative remedies. 42 U.S.C. § 2000e-5. Section 706 authorizes the EEOC to sue on behalf of one or more "persons aggrieved" by an unlawful employment practice. 42 U.S.C. § 2000e-5(f). When a plaintiff brings a class action on behalf of aggrieved applicants, the plaintiff may allow applicants who did not file a charge to "piggyback" onto a timely charge filed by another applicant. *See, e.g.*, *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006). The "piggyback" (or "single-filing") rule, however, allows aggrieved applicants who seek to attach their claims onto the underlying charge in a federal court action to do so only if the discrimination they allege occurred during the relevant limitations period, as determined by the charge underlying the federal court action. *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) (employees who did not file charges "can only pursue Title VII claims if they can 'piggback' onto a timely filed claim by" a party who filed a charge….Thus, the district court correctly determined that the date for determining timeliness was 300 days[1] prior to the filing of the first filed charge"); *Lumpkin v. Coca-Cola Bottling Co. United, Inc.*, 216 F.R.D. 380, 385 (S.D. Miss. 2003) (holding that the "law is clear that [the single-filing rule cannot] be used to revive a stale claim").

Section 706 provides that "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred…." 42 U.S.C. § 2000e-5(e)(1). Because Hervery filed her charge on October 8, 2015, any purported claims predating April 11, 2015 (that is, 180 days prior to the filing date of Hervery's EEOC charge) are

---

[1] The time period has since been amended to 180 days.

2

time-barred. "The court need not look any farther than the plain language of Section 706(e)(1) to conclude that the class of individuals for whom the EEOC can seek relief is limited to those who could have filed an EEOC charge during the filing period. Section 706(e)(1) clearly bars claims from individuals who failed to timely file charges." *EEOC v. Freeman*, 2010 WL 1728847, at *4 (D. Md. Apr. 27, 2010).

Further, the EEOC cannot evade the limitations period by invoking the "continuing violation doctrine," as it does not apply to failure-to-hire claims, even when a "systemic policy" or a "pattern and practice" are alleged. *See Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) (finding claims including discriminatory denial of promotions and pay increases to be discrete acts to which continuing violation doctrine did not apply despite allegations from plaintiffs that "(1) the various adverse employment actions constituted an organized scheme to discriminate rather than discrete occurrences; and (2) that their claims show a 'pattern or practice' of discrimination"). Failure to hire is a "discrete act" which is easy to identify and distinguished from hostile work environment claims, which the Supreme Court has found amenable to the continuing violation doctrine. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Such claims are not at issue in this case. Only claims involving discrete acts are at issue here. "[D]iscrete actions … are not entitled to the shelter of the continuing violation doctrine." *Frank*, 347 F.3d at 136; *see also*, *Martinez v. Texas Workforce Comm'n – Civil Rights Div.*, 2013 WL 5354579, at *7 (W.D. Tex. Sept. 24, 2013) (recognizing that a "pattern or practice of refusing to hire job applicants does not constitute a continuing violation … because the refusal to hire an applicant … is undoubtedly a discrete act of discrimination") (citing *Freeman*, 2010 WL 1728847, at *6).

3

For the foregoing reasons, the court finds that the defendant's partial motion to dismiss plaintiff's complaint is well taken and should be granted. A separate order in accordance with this opinion will issue this day.

This 30th day of September, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE