IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                    PLAINTIFF

V.                                                CAUSE NO. 3:20-CV-270-NBB-RP

USF HOLLAND, LLC                                            DEFENDANT

## <u>CASE MANAGEMENT ORDER</u>

The plaintiff EEOC brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex and to obtain appropriate relief for Marilyn Hervery and a class of female applicants. EEOC alleges that the defendant trucking company, USF Holland, LLC, engaged in unlawful employment practices at its Olive Branch, Mississippi location by failing to hire Hervery and other qualified female applicants as truck drivers because of their sex.   Having conducted a case management conference with counsel for the parties, the undersigned concludes that discovery in this case should be phased to ensure judicial efficiency and to avoid wasting resources of the parties.   Therefore, it is ORDERED:

1.   This action is set for jury trial beginning on February 13, 2023 at 9:30 a.m. in Oxford, Mississippi before U.S. District Judge Neal B. Biggers.   The court estimates 5 days of trial will be required.

2.   The pretrial conference is set for January 12, 2023 at 10:00 a.m. in Oxford, Mississippi before U.S. Magistrate Judge Roy Percy.

3.   No later than seven days before the pretrial conference, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rule or provide sufficient facts to support a finding of just cause for failure to comply.   *See* L.U.Civ.R. 83.7(f)(3).

4.   The deadline for motions *in limine* is fourteen days before the pretrial conference; the

deadline for responses is seven days before the pretrial conference.

5. The parties will make their Rule 26(a) initial disclosures by November 9, 2021.

6. As agreed by the parties, unless and until EEOC files an amended complaint naming additional class members, discovery will be limited to the merits of Hervery's individual claim, to USF Holland's alleged pattern or practice of not hiring female applicants as truck drivers at its Olive Branch, Mississippi location because of their sex, and to the identities of potential class members. This phase of discovery will be subject to the following provisions and limitations:

    a. Interrogatories are limited to 25 succinct questions.

    b. Requests for Production are limited to 30 succinct questions.

    c. Requests for Admission are limited to 30 succinct questions.

    d. Depositions are limited to the parties, Hervery, and up to 10 fact witnesses per party.

No additional discovery may be conducted without the court's approval.

7. To identify and preserve any potential ESI, Counsel have alerted their clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation, and to ensure no inadvertent deletion of ESI occurs. EEOC currently anticipates discovery of any electronically-stored emails related to the claims in this case, related personnel files, as well as payroll records. Holland is prepared to begin engaging in reasonable discovery proportionate to this appropriately narrowed alleged class period and the remaining issues in this case. Depending on the reasonableness and scope of the EEOC's position on discovery, the Company still may face difficulties with respect to certain applicable records and/or unavailable witnesses. The parties will prepare specific criteria for ESI discovery

and will notify the court of any dispute by November 23, 2021.

8.   Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected with this litigation.   Further, the disclosures are not waived in any other federal or state proceeding.

9.   Before a party may file any discovery motion, such as a motion to compel discovery, counsel must confer in good faith as required by Federal Rule of Civil Procedure 37(a)(1).   If the attorney conference does not resolve the dispute, counsel must contact the undersigned's chambers to request a teleconference to discuss the issue as contemplated by Federal Rule of Civil Procedure 16(b)(3)(B)(v).   Only if the teleconference with the undersigned is unsuccessful in resolving the issue may a party file a discovery motion.

10. EEOC must file any motion to amend its complaint to name additional class members by April 14, 2022.

11. The undersigned will conduct a telephonic status conference with counsel for the parties to discuss the remaining scheduling deadlines and discovery limitations at 10:00 a.m. on May 25, 2022.

12. The undersigned will conduct a settlement conference in Oxford, Mississippi commencing at 10:00 a.m. on June 3, 2022.

SO ORDERED, this the 28th day of October, 2021.


/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE