**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **PLAINTIFF** |
| **v.** | **CASE NO.: 3:20-cv-270-NBB-RP** |
| **USF HOLLAND, LLC** | **DEFENDANT** |

**STIPULATED PROTECTIVE ORDER GOVERNING THE DISCLOSURE AND USE OF CONFIDENTIAL MATERIALS**

Plaintiff Equal Employment Opportunity Commission ("Plaintiff") and Defendant USF Holland LLC ("Defendant"), by their counsel, stipulate to this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified by this Court, the terms included in this Order must remain effective through the conclusion of this litigation, including any appeal(s).

In support of this Order, the Court finds:

1. The Parties to this litigation assert during discovery they have or will disclose or produce confidential documents or information.

2. This Stipulated Protective Order ("Order") shall apply to all confidential information, documents, electronic documents, electronically stored information, things, exhibits, discovery responses, and testimony (collectively, "Materials") produced or disclosed in this litigation.

3. Any party or nonparty may designate as "CONFIDENTIAL" all or any part of any Material. The designation of Material as "CONFIDENTIAL" shall be made only after a *bona fide* determination made in good faith that the Material contains, reveals, discusses, evidences, or constitutes: (a) information prohibited from disclosure by statute; (b) information that reveals trade

secrets; (c) research, technical, commercial, business, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) financial account information, income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) to the extent not otherwise encompassed by the foregoing, "Protected Material" as defined in the Joint Protocol Regarding Discovery of Electronically Stored Information. Information or documents that are available to the public may not be designated as "CONFIDENTIAL."

      4.      The Parties shall not knowingly designate information or documents that have been produced in any other litigation without a confidential designation may not be designated as "CONFIDENTIAL."

      5.      The Parties shall not knowingly designate information or documents that have been entered as exhibits in open court may not be designated as "CONFIDENTIAL."

      6.      The designation of Material as confidential shall be made by placing or affixing on the Material, in a manner that will not interfere with the Material's legibility, the word "CONFIDENTIAL." This word shall be placed such that they are not superimposed or watermarked over any document text. The designation shall be made prior to, or contemporaneously with, production or disclosure of that Material. By written stipulation, the parties may agree temporarily to designate original documents that are produced for inspection "CONFIDENTIAL" even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked "CONFIDENTIAL" as required under this Order and,

thereafter, the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

When a tangible object, if any, is produced for inspection, subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation "CONFIDENTIAL." Thereafter, any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation.

The designation of electronically stored information produced in native format as CONFIDENTIAL shall be made in accordance with the Joint Protocol Regarding Discovery of Electronically Stored Information by producing a single-page Bates-stamped TIFF image marked with the confidential designation. The Receiving Party shall ensure that any copies, print-outs of natively produced documents, summaries, excerpts, abstracts, or compilations of same include the confidential designation.

When electronically stored information that cannot be marked with the designation "CONFIDENTIAL" is produced, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. Any such media that contains personal identifiers or personal protected health information shall be labeled "MAY CONTAIN NON-PUBLIC PERSONAL INFORMATION" or "MAY CONTAIN CONFIDENTIAL HEALTH INFORMATION." The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.

7. Any party may designate specific lines of a deposition as "CONFIDENTIAL." Whenever any information designated as "CONFIDENTIAL" is to be discussed or disclosed in a deposition or other proceeding, persons who are not entitled to receive such information under this Order shall be excluded from the room. The designation shall be made by sending written notice within thirty (30) days of receipt of the transcript of the deposition or other proceeding designating the specific lines of the transcript that should be designated as "CONFIDENTIAL." However, provided there is an on-the-record confidentiality designation that the deposition is to remain "CONFIDENTIAL" pending any written designations, all oral testimony, regardless of whether a designation was made on the record, shall be treated as "CONFIDENTIAL" until the earlier of (a) thirty (30) days after the transcript of the deposition has been received by the party whose "CONFIDENTIAL" Materials are involved, or (b) the date specific designations have been made by such party. Nothing in this Paragraph limits a party's ability to challenge any on-the-record designation in accordance with this Order or the Court's usual process for resolving discovery disputes.

8. Each party retains the right to subsequently redesignate Material and to require such Material to be treated in accord with such redesignation from the date of the redesignation forward.

9. The scope of this Order encompasses Materials designated as "CONFIDENTIAL," as well as any excerpts, summaries, written or oral conversations, or testimony that contain or reflect Materials designated as "CONFIDENTIAL."

10. Material designated as "CONFIDENTIAL" under this Order shall be used solely for the prosecution or defense of the claims in this action. Material designated as "CONFIDENTIAL" shall not be used for any business, commercial, competitive, or other purpose.

4

11. Counsel for the parties shall not disclose or permit the disclosure of any Material designated as "CONFIDENTIAL" under this Order to any other person or entity, except as required by the Federal Records Act, 44 U.S.C. 3301, the National Archives and Records Administration Act, and EEOC Order 201.001 or in the following circumstances:

    a) **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

    b) **Parties**. Individual parties, Aggrieved Individuals (as defined in the Parties' ESI Protocol), and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    c) **The Court and its personnel**;

    d) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

    e) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    f) **Consultants and Experts**. Consultants, investigators, or experts employed or retained by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A;

    g) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    h) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

    i) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

12. Counsel for the parties shall keep all Material designated as "CONFIDENTIAL" that is received under this Order within its exclusive possession and control, except as provided in Paragraph 8, above.

13. Any person having access to Material designated "CONFIDENTIAL" under this Order shall not make copies, extracts, summaries, or descriptions of the Material or any portion thereof, except for copies, extracts, summaries or descriptions furnished by the party's counsel to an expert retained by counsel in the preparation, trial, and any appeal of this litigation. This provision shall not operate to limit the parties' attorneys from making copies or electronic reproductions for purposes of discovery, motions and responses to motions, pleadings, preparation for trial, and appeal, provided said purposes are otherwise consistent with this Order.

14. Material claimed to be "CONFIDENTIAL" that is subject to a dispute as to whether it is in fact confidential shall, until further order of the Court, be treated as designated by the parties in accordance with the provisions of this Order.

15. If, during trial or in connection with any motion, hearing or other proceeding, any party intends to offer into evidence or as exhibits any Material that reveals or may tend to reveal information claimed to be "CONFIDENTIAL," counsel for each party shall either (a) make arrangements with counsel for the adverse party for the handling of such information or (b) if the parties cannot agree on such arrangements, submit such evidence to the Court in accordance with any applicable rules or orders of the Court, including without limitation seeking Court approval to file such Material under seal as applicable.

16. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all documents marked "CONFIDENTIAL" under this Order, including any copies, printouts, summaries, excerpts, abstracts, or compilations of same, shall be (1) destroyed by the

receiving party, or (2) maintained in a secure facility or storage medium, or (3) maintained in accordance with the Federal Records Act, 44 U.S.C. 3301, the National Archives and Records Administration Act, and EEOC Order 201.001. For any documents marked "CONFIDENTIAL" that do not need to be maintained in accordance with the Federal Records Act, 44 U.S.C. 3301, the National Archives and Records Administration Act, and EEOC Order 201.001 and must be returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies with reasonable sufficiency to the extent not unduly burdensome (by category, where appropriate) all the "CONFIDENTIAL" documents that were returned or destroyed and (2) affirms to the best of its knowledge after reasonable inquiry that the Receiving Party has not retained any copies, printouts, summaries, excerpts, abstracts, compilations, or any other format reproducing or capturing any of the Protected Material. It is understood that the foregoing written certification requirement does not apply to the EEOC, as it is required to maintain all documents, in accordance with the Federal Records Act, 44 U.S.C. 3301, the National Archives and Records Administration Act, and EEOC Order 201.001.

17. Notwithstanding the above requirements in Paragraph 13, counsel for a party may retain (1) attorney work product, including an index that refers or relates to documents marked "CONFIDENTIAL" if that work product does not duplicate verbatim substantial portions of the confidential information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained documents marked "CONFIDENTIAL" shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use confidential information.

18. This Order hereby incorporates the terms of Paragraph 8 of the Court's Case Management Order dated October 28, 2021 (ECF No. 45) (the "CMO"), and shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence.

19. A failure to designate Material as "CONFIDENTIAL" does not, standing alone, waive the right to so designate the Material. If a party designates Material as "CONFIDENTIAL" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of Material during a time when that Material has not been designated as "CONFIDENTIAL," even where the failure to so designate was inadvertent and where the material is subsequently designated as "CONFIDENTIAL."

20. A receiving party's acceptance of the Material by a producing party shall not constitute an admission, or create an inference, that the Material is in fact confidential.

21. Nothing in this Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this case and, in the course thereof referring to or relying upon his or her examination of Material. In rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose any Material if such disclosure would be contrary to the provisions of this Order.

22. The provisions of this Order shall be applicable to any third party who produces Material that the third party designates as "CONFIDENTIAL" pursuant to this Order. Any such designations must be made in accordance with the provisions of this Order governing such designations.

23. The provisions of this Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals) unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

24. Nothing in this Order shall prejudice the right of any party to oppose production of any Material for lack of relevance, privilege, or any ground other than confidentiality.

25. Nothing in this Order is intended to limit a party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

26. The parties shall be bound by the terms of this Order pending its entry by the Court or pending the entry of an alternative order that is satisfactory to all parties. Any violation of the terms of this Order pending its entry shall be subject to the same sanctions and penalties as if the Order had been entered by the Court.

27. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated "CONFIDENTIAL" by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**STIPULATED AND CONSENTED TO BY THE PARTIES THROUGH THEIR UNDERSIGNED COUNSEL:**

*/s/Roslyn Griffin Pack*

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730
Faye.Williams@eeoc.gov

*s/ Zachary B. Busey*

**ZACHARY B. BUSEY**
Mississippi Bar No. 103793
zbusey@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.

AMY F. BLACK
Supervisory Trial Attorney
TN Bar No. 016102
Amy.Black@eeoc.gov

Roslyn Griffin Pack
Trial Attorney
MS Bar No. 103317
Roslyn.Griffin-Pack@eeoc.gov

MICHELLE SISCO-SANKRITYAYAN
Trial Attorney
TN Bar No. 035682
Michelle.Sisco-Sankrityayan@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 701-6445

*Counsel for Plaintiff*

165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone
(901) 577-2303 – facsimile

**JENNIFER G. HALL**
Mississippi Bar No. 100809
jhall@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
(601) 351-2400 – telephone
(601) 351-2424 – facsimile

- and -

**AMI N. WYNNE**
Illinois Bar No. 6273277
ami.wynne@morganlewis.com
Admitted *Pro Hac Vice*

**JONATHAN D. LOTSOFF**
Illinois Bar No. 6225493
jonathan.lotsoff@morganlewis.com
Admitted *Pro Hac Vice*

**MIKAELA SHAW MASOUDPOUR**
Illinois Bar No. 6321502
mikaela.masoudpour@morganlewis.com
Admitted *Pro Hac Vice*

MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606-1511
(312) 324-1000 – telephone
(312) 324-1001 – facsimile

*Counsel for Defendant*

        **Entered and so ordered, this, the 14th day of April, 2022.**

                                                    **/s/ Roy Percy**
                                                    **United States Magistrate Judge**

# **EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order executed by the attorneys of record for the parties in the action presently pending in the matter of *EEOC v. USF Holland, LLC,* United States District Court for the Northern District of Mississippi, Case No. 3:20-cv-270-NBB-RP. The undersigned understands the terms of the Stipulated Protective Order and agrees, upon threat of penalty of contempt, to be bound by such terms.

Date:_____

Name:_____

Company:_____

Address:_____

_____