## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**                                                    **Plaintiff**

                                              **Case No. 3:20-CV-00270-NBB-RP**

**V.**

**USF HOLLAND, LLC**                                              **Defendant**

_____

### CONSENT DECREE
_____

On October 13, 2020, the Equal Employment Opportunity Commission ("Commission") commenced the above-referenced action ("Lawsuit") against USF Holland, LLC ("Holland") under Title VII of the Civil Rights Act of 1964 ("Title VII"). The Commission alleged Holland violated Title VII when it did not hire Marilyn Hervery and a class of other females ("Class Members") because of their sex (female) for truck driving positions at Holland's Olive Branch, Mississippi terminal ("Olive Branch Terminal") from 1986 to the present.

On September 30, 2021, the Court entered an Order and Memorandum Opinion dismissing all individual and purported class claims in the Lawsuit whose claims arose before April 11, 2015.

On October 25, 2021, Holland filed an Answer in the Lawsuit denying all material allegations in the Complaint, denying that the Commission is entitled to any relief whatsoever, and asserting affirmative defenses.

The Commission and Holland (the "Parties") engaged in good-faith negotiations and now consent to entry of this Consent Decree (the "Decree") by this Court to resolve the Charge and the Lawsuit and avoid the added expense of continued litigation. This Decree does not constitute a

finding on the merits, and Holland, its officers, agents, and successors deny any liability or that any Class Member suffered any damages.

The Parties stipulate the terms of this Decree are fair, reasonable, adequate, and serve the public interest.

This Decree represents the final and complete agreement between the Parties regarding the resolution of the Lawsuit.

The Parties agree that except as necessary to enforce this Decree they will not attempt to admit this Decree in evidence in this Lawsuit or use this Decree in any subsequent lawsuit.

If the Court does not approve this Decree, the Parties agree that this Decree will be of no force or effect.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court APPROVES the Decree and FINDS as follows:

## I.      JURISDICTION

The Court has jurisdiction over the Parties and the subject matter of this action.

## II.      DURATION OF THIS DECREE

This Decree and all obligations herein shall only apply to the Olive Branch Terminal and shall remain effective for three years from the date of its entry by the Court or, in the event that Holland ceases operations at the Olive Branch Terminal, the date that operations cease at the Olive Branch Terminal; provided, however that Holland shall retain its obligations under Section IX below, for the duration of the Decree, irrespective of whether or not operations at the Olive Branch Terminal have ceased.

### III. ISSUES RESOLVED

A.    This Decree resolves all issues and claims arising from the Charge of Discrimination filed by Hervery against Holland, EEOC Charge No. 490-2016-00058.

B.    This Decree resolves all issues and claims arising from the Commission's Complaint filed against Holland in the Lawsuit (Civil Action No. 3:20-cv-00270-NBB-RP), including all individual and class claims.

### IV. INJUNCTIVE RELIEF

A.    Holland is enjoined from imposing qualifications on female applicants who apply for truck driving positions at the Olive Branch Terminal that are different from those qualifications applied to male applicants who apply for truck driving positions at the Olive Branch Terminal.

B.    Holland is enjoined from refusing to hire qualified female truck driver applicants for open truck driver positions at the Olive Branch Terminal based on their sex.

### V. ANTI-SEX DISCRIMINATION POLICY

Holland will ensure its policies concerning anti-sex discrimination (the "Policy") include, at a minimum, the following:

1. A statement that Holland does not condone sex discrimination in hiring or employment;

2. A statement that Holland expressly prohibits all forms of discrimination and retaliation prohibited by the Title VII, and that such prohibition applies to applicants for employment, and inform employees that they have a right to make complaints or reports of unlawful employment discrimination to Holland and to the Commission;

3

3. A statement that Holland will not retaliate against employees who make claims of sex discrimination or provide information related to such claims;

4. A statement that Holland will take immediate and appropriate corrective action if it learns that female applicants or female employees are being treated unfairly or not given equal employment opportunities as compared to male applicants or male employees; and

5. A clear description of the procedure employees should use to make complaints or reports of sex discrimination, including providing the web address for the internet-based reporting platform, and the department with whom employees should file complaints or reports of discrimination or retaliation, telephone number, and mailing address.

## VI.    POLICY DISTRIBUTION

A.    Holland must distribute the Policy to each of its employees at the Olive Branch Terminal within 30 days of the date of entry of this Decree.

B.    Holland must publish the Policy each year and post a copy of the Policy in a visible area at the Olive Branch Terminal.  Holland must require each new employee, at the commencement of their employment, at the Olive Branch Terminal to sign an acknowledgment that she or he has received and agrees to comply with the Policy.  If Holland ceases to use a physical posting, Holland will ensure it provides the notice to its employees on its website or wherever Holland provides notification to its employees during this Decree.

4

## VII.    REVISE TRUCK DRIVER JOB DESCRIPTION

Holland will revise the job description for truck driver positions at the Olive Branch Terminal, as needed, to state whether:

A.    The position requires certifications for the position and if so, which certifications Holland requires.

B.    Holland requires experience and if so, the type of experience, including number of years, Holland requires.

C.    If there are preferred skill sets, if any, for applicants.

## VIII.   NON-DISCRIMINATION IN HIRING

Within ninety (90) days after the effective date of the Decree, Holland will revise its hiring protocols (the "Protocol"), as needed, to ensure its policies are non-discriminatory in hiring at the Olive Branch Terminal, and include, but are not limited to, these elements:

1.    Job descriptions for truck driver position pursuant to Section VII of this Decree, including minimum qualifications for each position, accurately reflecting the knowledge, skills, and abilities needed for each;

2.    Strategies for recruiting female applicants, including working with organizations like Women in Trucking, https://www.womenintrucking.org/, to promote women's employment in the trucking industry with which Holland can reach out to for recruitment and form collaborative partnerships;

3.    Recruitment material that features photographs of and testimonials from employees, including women truck drivers;

4.    Policies and procedures for advertising vacancies;

5.    Policies and procedures for evaluating and selecting applicants, including valid

5

selection criteria and guidelines and instruction for conducting applicant interviews; and

6.      Policies and procedures for maintaining applications and applicant flow data.

## IX.    RECRUITMENT COMMITMENTS

A.      For the duration of the Decree, Holland will establish a scholarship, from sources to be determined by Holland, in the amount of $120,000 (estimated at $10,000 per person) to Holland's truck driver apprenticeship program ("Driver Academy"). The scholarship will cover tuition, a DOT physical, daily hourly wages at a minimum of $17.50 per hour, commuting and transportation costs for those whose domicile is not within the same city as the Driver Academy, lodging, meals and per diem, up to two class A state exams, and ELDT training, for placement of qualified females in the Driver Academy for female applicants that apply to the program. All applicants to the Driver Academy will be subject to the same minimum qualifications, regardless of sex.

B.      Upon successful completion of the Driver Academy and passing the associated test, Holland will make reasonable efforts, based upon its business needs, to place each qualified female in open and available entry-level truck driver positions in any terminal located in Mississippi, Tennessee or Arkansas.

## X.    HIRING GOALS

A.      Holland shall make best efforts to recruit, hire and retain qualified female truck drivers at the Olive Branch Terminal; and

B.      Holland agrees to ensure qualified female applicants receive equal consideration for truck driver positions as qualified male applicants at the Olive Branch Terminal.

## XI.    MONETARY RELIEF

A.    Holland must pay a total of $490,000 in compensatory damages to resolve the Lawsuit (the "Settlement Amount").

B.    The Commission may allocate proceeds from the Settlement Amount to each Class Member at its sole discretion.

C.    Within ten business days of this Court's entry of this Decree, the Commission shall provide Holland (i) a list identifying the specific amounts from the Settlement Amount that it has allocated to each Class Member and (ii) executed releases from each Class Member in the form that is attached as Appendix A.

D.    Holland must issue a check to each Class Member identified by the Commission within 20 business days of receiving the list from the Commission, a signed release as identified in Appendix A and a signed and completed W-9 from each Class Member.

E.    Holland must prepare and distribute form 1099-MISC or equivalent form(s) to each Class Member for such Class Member's portion of the Settlement Amount.  Each Class Member shall be responsible to make the appropriate reports and any required tax payment to the Internal Revenue Service and other tax authorities in connection with the payment.

F.    Holland must submit proof of its payment of the Settlement Amount to the Commission within five days of mailing the payment by email to the Commission at EEOC-MEDO-decreemonitoring@eeoc.gov.

G.    Late payment shall be subject to the accrual of interest as outlined in 28 U.S.C. § 1961.

## XII.   TRAINING

A.     Holland agrees to provide annual sex discrimination training ("Training"), either in person or by video conference, during the duration of this Decree to all employees who interview, hire or have decision-making authority about candidates for employment at the Olive Branch Terminal ("Hiring Authority").  Employees who assist the hiring or interviewing officials must also attend.

B.     The Training required in the preceding paragraph will be conducted by an attorney, a certified Society for Human Resource Management (SHRM) professional, or a similarly qualified trainer.

C.     The Training session for the first year will occur within 90 days of entry of this Decree or 30 days of any revisions to the Protocol, whichever is later.

D.     The Training session must last at least two hours.

E.     The Training must consist of, among other things, the following:

   i.      explanation of Title VII and its prohibitions against discrimination based on sex;

   ii.      review of Holland's anti-discrimination policy;

   iii.      review of Holland's Protocol;

   iv.      explanation of the duty to, and the manner of, properly reporting sex discrimination;

   v.      discussion of the following concepts:  (a) conscious and unconscious bias; (b) gender stereotyping; and (c) principles for unbiased interviewing, including "behavioral interviewing," and adherence to job-related hiring criteria;

8

      vi.     a human resources representative will attend the training and make a statement during the training session. The statement must include the following:

        a.     Holland has a zero-tolerance policy against sex discrimination;

        b.     Holland does not tolerate any forms of sex discrimination;

        c.     All employees must report any sex discrimination they witness or learn about; and

        d.     Failure to report discrimination may result in disciplinary action.

F.     Within 20 days of the Training described in Section XII(C), Holland must submit to the Commission:

      i.     a copy of the Training materials;

      ii.     documentation showing the Training occurred; and

      iii.     a roster showing the names of the employees who attended the Training.

G.     Any new employee who is a Hiring Authority will receive Training on the Protocol within 45 days of his or her first day of work.

## XIII. RECORDKEEPING

During the duration of this Decree, Holland agrees to collect, retain, and provide to the Commission, within fifteen (15) business days of a written request, and no more than twice per 12-month period, the following information:

1.     A list of all applicants or employees who made a formal written complaint about sex discrimination at the Olive Branch Terminal;

2.     Steps Holland took to investigate the complaint(s); and

9

3.      A copy of Holland's response to the complaint(s).

## XIV.   REPORTING

Holland must provide the Commission with semi-annual reports every six months during the duration of the Decree. The report shall contain the following:

1.      Certification that Holland conducted the Training listed in Section XII;

2.      A copy of the Training materials; and

3.      A roster showing the names of the employees who attended the Training.

## XV.    NOTICE POSTERS

A.      Holland must post, throughout the duration of this Decree, the Notice to Employees attached as Appendix B at the Olive Branch Terminal.

B.      Holland must post the Notice in a conspicuous location in any non-public area of the Olive Branch Terminal.

## XVI.   MONITORING AND ENFORCEMENT

A.      The Commission may monitor Holland's compliance with the terms of this Decree by:

i.   Examining documents or other records required to be made or kept by this Decree; and

ii.  Interviewing Holland's management at the Olive Branch Terminal on at least 21 days' notice, and with Holland's counsel present, about the requirements of and compliance with this Decree.

B.      If the Commission determines that Holland violated the Decree, the Commission must provide Holland with written notice of such violation and a period of 30 calendar days from receipt of the notice to cure the violation.

C.      If, after the 30-day period has expired, the Commission believes that Holland has violated the Decree and failed to cure the violation, the Commission may petition this Court for relief.  After hearing from all parties, relief found to be warranted by the Court may include further permanent or temporary injunctions, monetary relief, costs, or penalties for contempt of court.

## XVII.  SEVERABILITY

A.      If one or more provisions of this Decree are rendered unlawful or unenforceable because of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to carry out the intent of the Parties.

B.      The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance because of such legislative act or court decision will remain in effect and the parties' responsibilities will not abate as to any provisions that have not been rendered unlawful or unenforceable, unless the intent of this Decree would be undermined.

## XVIII.  SUCCESSOR LIABILITY

A.      Before any sale, merger, or consolidation of the company, Holland must provide written notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, or any other corporation or entity that acquires, merges, or consolidates.  Any surviving entities that exist upon completion of the acquisition, merger, or consolidation must remain fully liable for compliance with this Decree.

B.      Holland must provide notice to the Commission within forty-five (45) days of any assignment, succession, acquisition, merger, or consolidation.

## XIX.   COSTS AND EXPENSES

The parties to and beneficiaries of this Decree must bear their own costs, attorney fees, and expenses arising from this Lawsuit.

## XX.    NOTICES AND OTHER COMMUNICATION

All notices, certifications, reports, or other communications that this Decree requires the

parties to exchange must be in writing and transmitted as follows:

1.      To the Commission, via electronic mail to: EEOC-MEDO-decree-

monitoring@eeoc.gov.

2.      To Holland via email to:  hr.questions@myyellow.com

Any Party may change the contact information by written notice to the other Party setting

forth the new information.

3.      Information regarding the Commission issuing a Form 1098-F pursuant to the

Internal Revenue Code is contained in Appendix C of this agreement.

IT IS SO ORDERED THIS 16th DAY OF JUNE, 2023

 /s/ Neal Biggers
JUDGE NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE

Approved and Agreed to by:

| USF HOLLAND, LLC | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|
| */s/ Constantine Pamphilis* | FAYE A. WILLIAMS |
| CONSTANTINE Z. PAMPHILIS | Regional Attorney |
| Texas Bar No. 00794419 | TN Bar No. 11730 |
| DPamphilis@kasowitz.com | Faye.Williams@eeoc.gov |
| Admitted Pro Hac Vice | |
| | |
| KASOWITZ BENSON TORRES LLP | AMY F. BLACK |
| 1415 Louisiana Street, Suite 2100 | Assistant Regional Attorney |
| Houston, Texas 77002 | TN Bar No. 016102 |
| (713) 220-8852 – telephone | Amy.Black@eeoc.gov |
| (713) 583-6006 – facsimile | |
| | |
| JOSHUA FULOP | *s/ Roslyn Griffin Pack* |
| New York Bar No. 4585923 | ROSLYN GRIFFIN PACK |
| JFulop@kasowitz.com | Trial Attorney |

Admitted Pro Hac Vice

JONATHAN SHAPIRO
New York Bar No. 4689220
JShapiro@kasowitz.com
Admitted Pro Hac Vice

FRIA R. KERMANI
New York Bar No. 5387436
fkermani@kasowitz.com
Admitted Pro Hac Vice

KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
(212) 506-1700 – telephone
(212) 506-1800 – facsimile

and

ZACHARY B. BUSEY
Mississippi Bar No. 103793
zbusey@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – telephone
(901) 577-2303 – facsimile

JENNIFER G. HALL
Mississippi Bar No. 100809
jhall@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
(601) 351-2400 – telephone
(601) 351-2424 – facsimile

Attorneys for USF Holland, LLC

MS Bar No. 103317
Roslyn.Griffin Pack@eeoc.gov
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
200 Jefferson, Suite 1400
Memphis, TN 38103
Telephone (901) 701-6445

Attorneys for the EEOC

**APPENDIX A**

RELEASE OF CLAIMS


     In consideration for $_____ paid to me by USF Holland, LLC ("Holland") in connection with the resolution of *EEOC v. USF Holland, LLC*, Civil Action No. 3:20-CV-00270, filed in the United States District Court for the Northern District of Mississippi, Oxford Division ("Lawsuit"), and EEOC Charge No. 490-2016-00058, I waive, release and discharge Holland, its parents, affiliates, subsidiaries, agents, employees, divisions, predecessors, successors and assigns (collectively "Releasees") of and from any claims of sex discrimination whether asserted or unasserted, known or unknown, which I have or may have against Releasees arising from or relating to the Lawsuit, and EEOC Charge No. 490-2016-00058.


_____           _____
Date                                               Class Member



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Memphis District Office**

200 Jefferson, Suite 1400
Memphis, TN  38103
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Memphis Direct Dial:  (901) 685-4590
FAX (901) 544-0003
Website:  www.eeoc.gov

## APPENDIX B

### NOTICE TO EMPLOYEES

Holland posts this Notice as part of a Consent Decree entered by the United States District Court for the Northern District of Mississippi in the matter of *EEOC v. USF Holland, LLC*, Civil Action No. 3:20-CV-00270.

Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), prohibits discrimination against any employee or applicant for employment because of the individual's sex in hiring, promoting, firing, compensation, or other terms, conditions, or privileges of employment.  Title VII further prohibits employers from retaliating against employees who protest unlawful discrimination.

Holland supports and will fully comply with federal law in all aspects and will not retaliate against any individual because they have exercised their rights under the law.

Holland prohibits sex discrimination by hiring managers, recruiters, management, and non-management employees.  Holland will take prompt and appropriate action to correct and prevent any such behavior.

Holland encourages its employees, if they see, hear, observe, or learn of sex discrimination, to report it without fear of retaliation.

This Notice will remain posted for three years.

SIGNED THIS ____DAY OF _____, 2023.


_____
President
USF Holland, LLC

## APPENDIX C

## EEOC REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1. Within 10 business days of the signing of this agreement, [Respondent/Employer] agrees to provide, through the EEOC Respondent Portal, 1) the Respondent/Employer's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of the [respondent/employer/].

2. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.